Matter of Jackson v Main St. Am. Group (2022 NY Slip Op 06431)

Matter of Jackson v Main St. Am. Group

2022 NY Slip Op 06431

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 800835/21 Appeal No. 16643 Case No. 2022-01345 

[*1]In the Matter of Cedric Jackson, Petitioner-Respondent,
v
Main Street American Group, Respondent-Appellant.

Gallo Vitucci Klar LLP, New York (Kim Townsend of counsel), for appellant.
Burns & Harris, New York (Mariel Crippen of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 10, 2022, which granted petitioner's motion to vacate an arbitration award and denied respondent's cross motion to confirm the arbitration award, unanimously reversed, on the law, without costs, petitioner's motion denied, and respondent's cross motion granted.
Contrary to respondent's contention, the lack of a transcript from the arbitration hearing does not, by itself, preclude judicial review of the arbitration award pursuant to CPLR 7511 (see e.g. Matter of Fried v Polacco, 190 AD3d 414, 414 [1st Dept 2021]). Nevertheless, petitioner's motion to vacate the arbitration award should have been denied. Review of an arbitration award pursuant to CPLR 7511(b) is limited, and an award will be upheld when the arbitrator "'offer[s] even a barely colorable justification for the outcome reached'" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006]; see Matter of Rose Castle Redevelopment II, LLC v Franklin Realty Corp., 184 AD3d 230, 234 [1st Dept 2020], lv denied 36 NY3d 906 [2021]). Here, the arbitrator set forth a plausible basis for the award, including for the amount of damages for past and future pain and suffering. Petitioner's disagreements with the arbitrator's credibility determinations, and with his analysis of which cases and arbitration awards were comparable to the facts of this case, did not provide a sufficient basis for overturning the award (see Fried at 414).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022